JOHN C. R. JOHNSON, Respondent, *v.* CHARLES P. BLANEY, Appellant.

**Trial — inconsistent and contradictory instructions to jury — when new trial granted therefor.**

When the charge of a trial court is so inconsistent, or contradictory, upon a material proposition that it is impossible to reconcile the different versions, an appellant should be entitled to rely upon the instruction most favorable to his appeal.

Slight inconsistencies in a charge may be disregarded when the substance is right, and when it is apparent from reading the charge as a whole that the jury could not have been misled, the judgment should not be reversed; but when no one can tell what the court really meant and the propositions are absolutely irreconcilable, there should be a new trial so that the issues may be decided by a jury without danger of confusion in their minds as to the law.

No one can recover for the conversion of chattels unless he had the title thereto, general or special, or was entitled to the possession thereof when they were taken from him. Unless he has title or right to possession he must fail, even if the defendant has neither.

In an action for the conversion of household goods, it appeared that the goods had been taken by a receiver in supplementary proceedings under a judgment against the mother of the plaintiff. The plaintiff claimed title under a bill of sale from his mother who was acting as trustee of a certain trust. The defendant contended and evidence was given to the effect that the goods were at the time of the alleged conversion in possession of his mother and belonged to her as trustee. After

charging correctly in different forms that unless the plaintiff owned the property when it was seized he could not recover, the court was asked to charge that if plaintiff's mother then owned it as trustee, the plaintiff could not recover. The court said: "You ask me to charge that if she was the owner as trustee, at the time of the taking, the defendant is entitled to a verdict? Refused." *Held*, error; that this was in substance a negative instruction directly the reverse of what had already been charged. It cannot be held that the jury was not misled, because it cannot be told by which proposition they were governed in finding a verdict for the plaintiff. It is not enough that they were correctly instructed once, when afterward they were incorrectly instructed in relation to the same matter.

*Johnson* v. *Blaney*, 132 App. Div. 925, reversed.

(Argued March 29, 1910; decided April 26, 1910.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 11, 1909, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

It is alleged in the complaint that in May, 1907, at the premises known as No. 252 West 93rd street, in the borough of Manhattan, the defendant wrongfully converted certain household furniture and other personal property belonging to the plaintiff of the value of $2,000.

The answer contains a general denial and a plea of justification upon the ground that on the 25th of February, 1907, the defendant was duly appointed receiver of the property and estate of Fanny E. Johnson in proceedings supplementary to execution founded on a judgment for $60.87 recovered by one Leo Loew against Fanny E. Johnson on the 29th of October, 1906, and that the property in question belonged to her at the time it was taken by the defendant. Upon the trial the jury found a verdict in favor of the plaintiff for the sum of $1,888, and the judgment entered accordingly was unanimously affirmed by the Appellate Division.

The facts, so far as material, are stated in the opinion.

*John Burlinson Coleman* and *Francis X. Brosnan* for appellant. The trial court erred in refusing to charge the

jury, upon the defendant's request, to the effect that if, at the time of the alleged taking complained of in this action, Fanny E. Johnson, as trustee, was the owner of the goods for whose conversion the plaintiff seeks to recover, that then their verdict must be for the defendant. (*Lipschitz* v. *D. D., E. B. & B. R. R. Co.*, 67 App. Div. 602.)

*Louis H. Levin* for respondent.

VANN, J. The issue was distinctly presented by the pleadings whether at the date of the alleged conversion the property in question belonged to the plaintiff. Upon that issue evidence was given in his behalf tending to show that he owned the property at that date and, on behalf of the defendant, tending to show that it belonged to Fanny E. Johnson as trustee under a certain trust created in 1904. A verdict in favor of either party upon the issue thus raised and supported would have been warranted. There were other issues in the case to which much of the evidence was addressed, but we shall confine our view to the single question discussed by counsel.

It appeared that on the 25th of June, 1906, Fanny E. Johnson, as trustee, had given a bill of sale of the property in question to the plaintiff, who is her son and at that time was living with her, but she continued in the possession thereof. It also appeared that on the 23rd of July, 1906, Fanny E. Johnson, as trustee, had leased the same property to Lilian E. Mearns in connection with the premises known as No. 252 West 93rd street, for the term of one year at the annual rental of $2,500, payable in equal monthly payments. Mrs. Johnson testified that she saw the defendant take the property and that it then belonged to her, as trustee, although in the actual possession of her tenant; that it was trust property and she was afraid they would take it from the trust and deprive her and her children of their living. At a later stage of the trial she stated that "When I spoke of this property as being my property this morning, I meant that what is

Jack's is mine and what is mine is Jack's. That is the way I have been looking at it you know. We are mother and son and we are just the same as one." There was other evidence tending to show that Mrs. Johnson owned the property as trustee.

The court charged at the request of the defendant, but in the body of the charge, " that the plaintiff must satisfy you by a fair preponderance of credible testimony that he was at the time of the alleged taking of the goods for the conversion of which he seeks to recover, the owner of the specific thing before he can recover a verdict in this action."

And, upon the like request, " that unless the plaintiff establishes his ownership by a preponderance of testimony your verdict must be for the defendant. The plaintiff must recover on the strength of his title and not on the weakness of the defendant's title."

Also, " that unless you are satisfied by the fair preponderance of credible testimony that the plaintiff was at the time of the taking complained of entitled to the possession of the goods for which he seeks to recover, your verdict must be for the defendant."

The court further charged without request that " The plaintiff must substantially prove the allegations of his complaint by a fair preponderance of credible evidence, namely, by such weight of evidence, that the plaintiff at the time of the alleged taking of the property by the defendant was the owner of the goods taken, and by that same weight of evidence the specific things that were taken and the fair and reasonable value of the same when taken. Unless he proves that, he fails to make out a case."

At the close of the charge the defendant asked the court to instruct the jury " that if the jury find that at the time of the alleged taking complained of in this action, Fanny E. Johnson was the owner of the goods for whose conversion the plaintiff seeks to recover, as trustee, their verdict must be for the defendant." This was refused and an exception taken. Thereupon the court remarked, " You ask me to charge that

if she was the owner, as trustee, at the time of the taking, the defendant is entitled to a verdict ? Refused." The defendant again excepted.

The bill of sale from Mrs. Johnson, as trustee, to her son cannot be attacked in this action for fraud as to creditors, because the creditor represented by the defendant has no judgment against her, as trustee, and it is conceded that the attempted order of extension was void. But, even if the defendant had no right to the property as against the plaintiff, still no one can recover for the conversion of chattels unless he had the title thereto, general or special, or was entitled to the possession thereof when they were taken from him. Unless he has title or right to possession he must fail, even if the defendant has neither. If the furniture in question belonged to Mrs. Johnson, as trustee, as she testified, it did not belong to the plaintiff and he had no right to recover damages for the conversion thereof. It was important, therefore, that the charge on the subject of ownership should be clear, and that the jury should not be left in confusion as to the law relating thereto.

After charging correctly four times in different forms that unless the plaintiff owned the property when it was seized he could not recover, the court was asked to charge that if Mrs. Johnson then owned it, as trustee, the plaintiff could not recover. While this involved the proposition of law previously charged, it was a concrete application of the general principle to certain evidence in the case and tended to make the situation somewhat clearer. Still if the court had simply refused without comment, or had refused to charge further on the subject than he had already charged, as he did in response to certain other requests, we should hesitate to hold it reversible error, because the instructions already given were sufficient. He did not stop there, however, but at once said, " You ask me to charge that if she was the owner, as trustee, at the time of the taking, the defendant is entitled to a verdict ? Refused." This was in substance a negative instruction directly the reverse of what had already been charged. It was the same in effect as saying that even if Mrs. Johnson

owned the property, as trustee, when it was taken by the defendant, that was no defense. These were the final words on the subject, which was thus thrown into confusion and the jury left at liberty to follow either of the repugnant instructions. We cannot hold that they were not misled, because we cannot tell by which proposition they were governed. It is not enough that they were correctly instructed once, when afterward they were incorrectly instructed in relation to the same matter.

Where inconsistent findings are made by a court, if they cannot be reconciled, the appellant is entitled to rely upon those most favorable to himself in aid of his exception. (*Elterman* v. *Hyman*, 192 N. Y. 113, 117.) So, where the charge of the court is so inconsistent or contradictory upon a material proposition that it is impossible to reconcile the different versions, the appellant should be entitled to rely upon the instruction most favorable to his appeal. Under such circumstances there is no other way to protect a defeated party from the effect of an erroneous charge. While it may be that the jury accepted the first verson of the law given to them, owing to its frequent repetition and emphasis, still we have no assurance that they did not rely on the last version and hence they may have done injustice to the defendant. While slight inconsistencies may be disregarded when the substance is right, and when it is apparent from reading the charge as a whole that the jury could not have been misled, the judgment should not be reversed, when, as in this case, no one can tell what the court really meant, and the propositions are as irreconcilable as yes and no, there should be a new trial so that the issues may be decided by a jury without danger of confusion in their minds as to the law.

The judgment should be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, HAIGHT, WILLARD BARTLETT and CHASE, JJ., concur.

Judgment reversed, etc.