MANX TAXI HOLDING COMPANY, INC., Appellant, *v.* HUGO HOFFMAN CREDIT CORPORATION, Respondent, Impleaded with CHECKER CAB MANUFACTURING CORPORATION and Others, Defendants.

First Department, May 1, 1931.

*Nathan Kelmenson*, for the appellant.

*Henry C. Burnstine* of counsel [*Burnstine & Geist*, attorneys], for the respondent.

TOWNLEY, J. The action is by the buyer under a conditional sales agreement to recover from the seller twenty-five per cent of the sum of all payments which have been made under the contract, with interest, as provided in section 80-e of the Personal Property Law (as added by Laws of 1922, chap. 642), because the seller has failed to comply with section 79 of the Personal Property Law (as added by Laws of 1922, chap. 642). There were, in all, thirty-five conditional bills of sale for the purchase of thirty-five taxicabs which were repossessed because of plaintiff's default in payment of installments. The law governing this case has been settled by the decisions in *Manhattan Taxi Service Corp.* v. *Checker Cab Manufacturing Corp.* (226 App. Div. 624; 253 N. Y. 455). The case at bar involves the same principles of law and there is no substantial difference in the facts. On this motion for summary judgment the only question raised in the answering affidavits which need be considered is the claim by defendant that in order to recover under section 80-e, plaintiff must be the original buyer and must have, itself, made all the payments totalling the fifty per cent minimum which are required as a condition precedent to suit under section 80-e of the Personal Property Law.

In the first place, there are no facts given to support the allegation that the payments admittedly made were not made by plaintiff, and, in the second place, by the definition of buyer under section 61 of the Personal Property Law (added by Laws of 1922, chap. 642, as amd. by Laws of 1930, chap. 874), the " ' Buyer ' means the person who buys or hires the goods covered by the conditional sale, or any legal successor in interest of such person." We interpret section 80-e to mean that, if fifty per cent of the purchase price has been paid, regardless of who has made the payments, the buyer himself, or his successor in interest at the time of the beginning of the action, may recover the minimum sum specified in section 80-e or his actual damages, if any.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

FINCH, P. J., MERRELL, McAVOY and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.