BENJAMIN KAUFMAN, Respondent, *v.* SIMONS MOTOR SALES CO., INC., Appellant.

(Argued January 12, 1933; decided February 28, 1933.)

*Walter G. Schelker, Jr.,* and *Duane R. Dills* for appellant.  There is no evidence of property in plaintiff on which to give or sustain a judgment in conversion.  (*Johnson* v. *Blaney,* 198 N. Y. 312.)  Any conversion shown was in the *detinet,* and not in the *cepit;* thus a plea and proof of title in a third party superior to that of plaintiff must exonerate defendant from actionable blame.  (*Griffin* v. *Long Island R. R. Co.,* 101 N. Y. 348; *Schreyer* v. *Fenton,* 44 N. Y. Supp. 203.)

*Stuart M. Miller, Isaac Miller* and *Abraham Miller* for respondent.  Defendant, having failed to renew its motion to dismiss the complaint at the close of all the evidence, conceded that plaintiff established a cause of action, and the only question to be determined was a question of fact.  (*Luechinger* v. *Eichhammer,* 236 N. Y. 556; *Seeman* v. *Levine,* 205 N. Y. 514; 206 N. Y. 672; *Spencer* v. *State of New York,* 187 N. Y. 484; *Hopkins* v. *Clark,* 158 N. Y. 299; *Bail* v. *N. Y., N. H. & H. R. R. Co.,* 201 N. Y. 355; *Murtha* v. *Ridley,* 232 N. Y. 488; *McAleenan* v. *Mass. Bonding & Ins. Co.,* 232 N. Y. 199.)

Plaintiff has sustained the burden of establishing his property in the converted chattel at the time of the conversion. (*McAleenan* v. *Mass. Bonding & Ins. Co.*, 232 N. Y. 199; *Hare & Chase, Inc.*, v. *Volansky*, 127 Misc. Rep. 26; *Johnson* v. *Blaney*, 198 N. Y. 312.) There is no proof of title in a third party superior to that of plaintiff and defendant is not exonerated by its delivery of the car to the credit corporation. (*Hare & Chase, Inc.*, v. *Volansky*, 127 Misc. Rep. 26; *Manhattan T. S. Corp.* v. *Checker C. M. Corp.*, 253 N. Y. 455.)

HUBBS, J. The plaintiff purchased an automobile of the defendant under a contract of conditional sale which provided that title to the automobile should remain in the vendor or its assignee until the automobile should be paid for according to the terms of the contract of sale. The plaintiff, while in default in paying two of the installments due, delivered the automobile to the defendant for the purpose of having the tires changed. While the automobile was in the possession of the defendant, the Commercial Credit Corporation, to which the conditional contract of sale had been assigned by the defendant, demanded the surrender of the automobile from the defendant, and it was surrendered pursuant to the demand.

In this action in conversion the plaintiff has recovered a judgment against the defendant for the value of the chattel. The defendant in its answer, as an affirmative defense, alleged that the plaintiff was in default under the contract of sale and that the Commercial Credit Corporation was entitled to possession and that before plaintiff demanded the return of the automobile, the Commercial Credit Corporation demanded that defendant deliver possession thereof to it, and that defendant delivered possession to it pursuant to the demand.

Thereafter the automobile was sold at auction by the Commercial Credit Corporation and the plaintiff paid it $175 in settlement of the deficiency.

At the trial there was no material dispute as to the

facts. The conversion alleged was in the *detinet*. The plaintiff voluntarily delivered possession of the automobile to the defendant. Under such circumstances, the defendant was entitled to plead and prove as a defense that the title to the automobile was in a third party. (*Griffin* v. *Long Island R. R. Co.*, 101 N. Y. 348; *Siedenbach* v. *Riley*, 111 N. Y. 560.)

In order to recover in an action in conversion, a plaintiff must establish, *first*, that he has title, or, *second*, that he has the right to possession, or, *third*, that he has some property in the chattel in question.

" But, even if the defendant had no right to the property as against the plaintiff, still no one can recover or the conversion of chattels unless he had the title thereto, general or special, or was entitled to the possession thereof when they were taken from him. Unless he has title or right to possession he must fail, even if the defendant has neither." (*Johnson* v. *Blaney*, 198 N. Y. 312, 316.)

At the trial it was conceded that plaintiff was in default under the conditional contract of sale and that the Commercial Credit Corporation had title to the automobile and was entitled to the possession thereof. The seller could take possession without legal process. (Pers. Prop. Law; Cons. Laws, ch. 41, § 76.)

The Commercial Credit Corporation as assignee of the seller was the " legal successor in interest " of the seller " and thereafter was the ' seller ' within the meaning of the statute." (*Manhattan Taxi Service Corp.* v. *Checker Cab Mfg. Corp.*, 253 N. Y. 455, 460.)

Plaintiff completely failed to establish a cause of action for conversion, and his complaint should have been dismissed.

Sections 77 and 78 of the Personal Property Law have no application under the facts of this case.

The exception taken by the defendant to the refusal of the trial justice to dismiss the complaint was taken

in time. Before the defendant's attorney announced that the defendant's evidence was closed, the trial justice announced his decision in favor of the plaintiff, without giving the defendant's attorney an opportunity to renew the motion made at the close of the plaintiff's case. Immediately after the announcement of the decision, the counsel for defendant renewed the motion for a dismissal. The motion was entertained and denied and defendant's counsel noted an exception. The motion was made at the first opportunity, and an exception taken to its denial.

The judgments should be reversed and the complaint dismissed, with costs in all courts.

POUND, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and CROUCH, JJ., concur.

Judgments reversed, etc.