ANTON A. ROST, Plaintiff, *v.* WM. KNABE & Co., INC., Defendant.

City Court of New York, New York County, February 11, 1935.

*Russell H. Kittel*, for the plaintiff.

*Samuel Weinstein*, for the defendant.

WENDEL, J.   The complaint alleges that one Sears purchased a Chickering piano from Chickering & Sons, Inc., for $4,105 pursuant to a conditional sale agreement; that Chickering & Sons, Inc., assigned the conditional sale agreement to this defendant; that thereafter plaintiff acquired the piano from Sears and became the owner thereof, subject to the lien of the conditional sale agreement. The complaint also alleges that the defendant was notified of the delivery of the piano to plaintiff and was further notified that plaintiff had become the owner thereof.

It appears from the complaint that $3,846.50 was paid on account of the purchase price of the piano, leaving only $258.50 unpaid; that, apparently for default in the payment of an installment, although no specific reason is assigned in the complaint, defendant seized the piano, and that although plaintiff offered to make the payments as provided in the agreement and to redeem the piano, defendant failed and refused to permit such redemption or to return the piano, and that defendant retained the piano without selling it at public auction within thirty days of such retaking, and without giving any notice of sale to plaintiff or posting or advertising any notice of sale, as required by section 79 of the Personal Property Law, notwithstanding the fact that more than fifty per cent of the purchase price and more than $500 had been paid prior to the retaking.

The conditional bill of sale, a copy of which is annexed to the complaint, contained nothing to prevent the transfer of the original vendee's interest in the piano, nor was the piano removed to a different filing district.

Defendant argues, however, that the plaintiff had no right of redemption and that defendant was under no duty to this plaintiff either to sell the piano within thirty days or to serve, post or publish notice of sale, as required by section 79 of the Personal Property Law.

This action is based upon section 80-e of the Personal Property Law. Defendant contends that plaintiff is not authorized to maintain it, *first*, because he is not the original vendee, and *second*, because there was no compliance by plaintiff or by the original buyer with section 73 of the Personal Property Law.

Section 73 of the Personal Property Law provides that in the event of failure to give ten days' prior written notice to the conditional vendor, personally or by registered mail, of a transfer of the conditional vendee's interest, the conditional vendor may retake the " goods " and then " deal with them as in case of default in payment of part or all of the purchase price." But in thus dealing with the goods retaken, the conditional vendor undoubtedly must conform to the requirements of sections 78 and 79 of the Personal Property Law in any case where more than fifty per ·cent of the purchase price or more than $500 has been paid. There could have been no legislative intent to relieve a seller, who retakes because of a removal or sale without written notice, from the obligations imposed by statute upon a seller who retakes for any other violation of, or default under, the terms of the conditional sale contract. Sections 78 and 79 of the Personal Property Law are not thus limited.

Did the plaintiff have a right to redeem? Was he injured by defendant's failure to conduct a public sale or to give notice, as required by section 79 of the Personal Property Law? Is plaintiff the " buyer " within the meaning of sections 78, 79 and 80-e? Turning to section 61 of the Personal Property Law we find that " ' Buyer ' means the person who buys or hires the goods covered by the conditional sale, or any legal successor in interest of such person." Certainly plaintiff is the " legal successor in interest " of the original vendee of the piano, or at least such is the fair intendment of the complaint; and for the purposes of this motion the complaint must be taken as true.

If this plaintiff cannot maintain this action, then probably no one else can. Apparently no one else was actually damaged by the alleged refusal of defendant to permit redemption or to conduct a sale within thirty days or to give notice thereof. Section 80-e provides for the recovery of " actual damages," which necessarily implies that recovery must be by the person actually damaged.

To reach any other result would enable a conditional vendor, upon the occurrence of any default, provided only the original vendee had theretofore transferred his interest to another, to seize and retain possession, notwithstanding the fact that the greater part of the purchase price — in the case at bar nearly the whole of it — had been paid, without affording opportunity to redeem, and with-

out conducting a fair public sale upon proper notice. The statutes must not be so narrowly read as to permit this result. Consideration of the statutory definition of "buyer" (Pers. Prop. Law, § 61) removes all force from the contention that they must be so read.

In the case at bar, according to the complaint, defendant had been orally notified that plaintiff had acquired the interest of the original vendee in the piano, and defendant was, therefore, put upon notice that the plaintiff, as "legal successor in interest" of the vendee, had the right to redeem and all other rights accorded to the buyer under the provisions of the Personal Property Law.

The conditional sale agreement in the case at bar contained a provision that the piano was not to be removed from the address specified therein unless the conditional vendor's written consent was first obtained. It appears from the defendant's brief, although not from the pleadings, that the plaintiff, presumably upon acquiring the piano, removed it to another address, seemingly in the same filing district, without the vendor's written consent. This fact cannot affect plaintiff's right of recovery, for though removal without the vendor's written consent might enable the latter to retake the piano, he cannot penalize the buyer, or his successor in interest, to the extent of refusing the right to redeem; upon retaking the chattel for whatever cause, the vendor must, as contemplated by the statute, deal justly both with respect to the buyer's right to redeem and with respect to a resale at public auction upon due notice.

The defendant could not, because of the circumstance, fortuitous from his standpoint, that the buyer had transferred his interest in the piano to a successor, prevent and refuse redemption and fail to conduct a sale in the manner prescribed by statute.

*Manx Taxi Holding Co., Inc.,* v. *Hoffman Credit Corp.* (232 App. Div. 225; affd. without opinion, 257 N. Y. 586) lends support to the foregoing views.

The motion is denied.

Order signed.