Pompez Exhibition Company, Inc., Respondent, *v.* Isaac T. Flatto and Dyckman Sports Stadium, Inc., Appellants.

First Department, April 10, 1941.

*I. T. Flatto,* for the appellants.

*Rowland H. Long* of counsel [*Horace Valenstein,* attorney], for the respondent.

Callahan, J. Plaintiff, instead of resting on the statements of ultimate fact set forth in its complaint to the effect that it was the owner and in possession of the chattels for the conversion of which suit was brought, added allegations negativing such claim. It alleged the execution and delivery by it to the corporate defendant of a bill of sale of said chattels, and stated that a subsequent bill of sale executed by the corporate defendant, in blank, the object of which apparently was to reconvey title to plaintiff or its agents, was destroyed after its execution. These additional allegations would make it appear that plaintiff is neither the holder of title to, nor of any property in the goods, nor in possession, nor entitled to possession thereof; and, therefore, not in a position to maintain an action for conversion. (*Kaufman* v. *Simons Motor Sales Co.,* 261 N. Y. 146.)

The existence of a mere equitable interest in chattels is not sufficient to support a claim for the conversion thereof. (*McCoy* v. *American Express Co.*, 253 N. Y. 477.) Plaintiff's right to recover for conversion depends on the strength of its own legal ownership, not on alleged defects of defendants' title. (*Johnson* v. *Blaney*, 198 N. Y. 312.)

In addition to the foregoing defects in its pleading, plaintiff's charge of conversion is alleged against the defendants in the disjunctive. Such allegations fail to charge either defendant with liability.

For the reasons stated, the motion under rule 106 of the Rules of Civil Practice to dismiss the complaint as insufficient should have been granted.

The motion under subdivision 7 of rule 107 was properly denied. Whatever might be the effect of the execution of a bill of sale by the plaintiff subsequent to the conversion and the commencement of suit, it is plain that it does not constitute a release of the cause of action within the meaning of the rule referred to.

The orders, so far as appealed from, should be reversed, with twenty dollars costs and disbursements, and the motion granted, with leave to plaintiff to serve a further amended complaint within ten days after service of order on payment of said costs.

MARTIN, P. J., O'MALLEY, DORE and COHN, JJ., concur.

Orders, so far as appealed from, unanimously reversed, with twenty dollars costs and disbursements, and motion granted, with leave to the plaintiff to serve a further amended complaint within ten days after service of order on payment of said costs.