EDWIN S. MORGAN, Respondent, *v.* INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Appellant.

Supreme Court, Appellate Term, First Department, April 21, 1949.

*Dennis L. O'Connor* and *George A. Garvey* for appellant.

*Jacob Freed Adelman* and *William F. Walsh* for respondent.

*Per Curiam.* This case must be disposed of below in accordance with the decision of this court. (See *Morgan* v. *Indemnity Ins. Co.*, 195 Misc. 52, citing *Johnson* v. *Blaney,* 198 N. Y. 312.) It is obvious that the jury was warranted in finding death was accidental and not suicidal. The only substantial issue then is whether death was caused by amytol barbiturate poisoning exclusive of the alcohol found in the body of the deceased. If after considering the evidence the jury finds the fact to be that death was caused by amytol barbiturate poisoning exclusive of the alcohol found in the body of the deceased, then a verdict for plaintiff would be warranted. But if the jury finds from the evidence that death was not caused by amytol poisoning exclusive of the alcohol found in the body of the deceased, then the verdict must be for defendant. The word " exclusive " must be considered in its ordinary sense, that is, the barbiturate alone caused the death and the alcohol did not concur in or contribute to the cause of death. This does not refer to a cause of taking the amytol. It refers to the cause of death, which means the proximate cause defined as the one without which the death would not have occurred. If alcohol either concurred in or contributed to the cause of death as a proximate cause, the verdict must be for defendant. A verdict for plaintiff would be warranted only if the evidence shows that death was caused by amytol barbiturate poisoning exclusive of the alcohol found in the body of the deceased.

The judgment should be reversed and new trial ordered, with $30 costs to appellant to abide the event.

EDER, J. (dissenting). This is an appeal by the defendant from a judgment in favor of plaintiff, entered upon verdict.

This is the second appeal. Upon the previous appeal this court reversed and ordered a new trial because of error in the court's refusal to charge as requested (*Morgan* v. *Indemnity Ins. Co.,* 195 Misc. 52). At this point it may be mentioned similar error was committed by the court upon the retrial.

However, a basic ground exists, in my opinion, for reversal and dismissal of the complaint, upon the ground that it affirmatively appears from the evidence that the decedent's death was not caused " solely, directly, and exclusively * * * by barbiturate poison * * * exclusively of all other causes " but that her death was brought about by barbiturates *plus* acute

alcoholism, viz., by *two* causes, and not solely, directly and exclusively by *one* cause.

The action is to recover upon a policy issued by the defendant to the named beneficiary, the face amount of the policy — $1,000, in the event of the insured's death resulting directly and independently of all other causes from bodily injuries sustained during the term of the policy and effected solely through accidental means.

The testimony of Dr. Gettler (plaintiff's witness) and Dr. Helpern (defendant's witness) is in accord that alcoholism was a contributing cause of death. The testimony of these witnesses seems to me to be decisive.

Appellant makes the point, and I feel correctly so, that the court below erroneously submitted for the jury's consideration whether the barbiturates were of themselves sufficient to cause death without the alcoholism, and if so, that plaintiff could then recover.

This was clearly error. The policy does not provide for the degree of fatal use of one poison as against another, but provides it must be the exclusive cause; the undisputed proof is that death was the result of not one but was due to two causes.

The court erred in thus submitting the *degree* of fatality to one use to be weighed against the effect of another and contributing cause.

The court also erred in refusing to charge as requested by defendant.

Upon the previous appeal we held such refusal was error and reversed for this reason. The error was repeated at the retrial.

The plaintiff failed to prove any right to recover. The motion to dismiss should have been granted and the motion to set aside the verdict should also have been granted and the denial was error.

The judgment should be reversed and the complaint dismissed upon the merits.

HAMMER and PECORA, JJ., concur in *Per Curiam* opinion; EDER, J., dissents in opinion.

Judgment reversed, etc.