Michael Catalano, J.
The defendant corporation (herein called the “ Corporation ”) moves for, “ an order dismissing the second and third causes of action appearing therein, on the ground that it appears on the face of the complaint that it does not state facts sufficient to constitute a cause of action against this defendant ”.
The second cause of action in the complaint alleges, in effect: That on April 10, 1956, the plaintiff purchased, on a written conditional sale contract from the defendant Guider (herein called “Guider”), a 1956 Ford automobile for the purchase price of $2,962, $800 was paid down, $100 to be paid April 30, 1956, the balance of $2,062 together with finance, interest and insurance charges amounting to $2,814.94 to be paid in monthly installments of $78.19 starting May 24, 1956; that it was agreed that title to the Ford should remain in Guider, or his representative, successors and assigns, until paid in full; that the plaintiff paid $1,240.05; that Guider assigned the contract to the Corporation; that the Service Fire Insurance Company (herein called the “ Company ”) insured the plaintiff and the Corporation for damage to the Ford; that on November 21,1956, the Ford was damaged; that on December 3, 1956, the Corporation repossessed the Ford upon the plaintiff’s default in payment; that the Corporation did not notify the plaintiff of its intention to retake the Ford, did not hold it for 10 days to allow the plaintiff to redeem on payment of the balance due plus charges; that' the Corporation did not resell the Ford publicly within 30 days after the retaking; that the Corporation did not give the plaintiff at least 10 days’ notice of the resale; that, although the plaintiff had paid more than $500, the Corporation did not give at least five days ’ notice by publication of the resale; *560 that accordingly, the plaintiff was discharged; that on December 11, 1956, the Corporation filed proof of loss with the Company for $1,177.37, assigning its claim for damages to the Ford to the Company; that on January 4, 1957, the Company paid the Corporation $1,177.37; that the plaintiff is entitled to said $1,177.37 which it duly demanded of the Corporation which did not pay it to the plaintiff.
The third cause of action realleges said facts, adding: That if the Corporation be entitled to said $1,177.37, then more than 50% of the purchase price was paid to the Corporation at the time of the retaking; that accordingly, the plaintiff has been damaged and is entitled to at least 25% of the amount he has paid, with interest, and $2,962, the reasonable value of the Ford at the time of the retaking, with interest from December 3, 1956.
Generally, when the buyer, under a conditional sale contract, shall be in default in the payment of any sum due under the contract, the seller may retake possession thereof. (Personal Property Law, § 76.) The assignee of the seller has all the rights of his assignor. (Kaufman v. Simons Motor Sales Co., 261 N. Y. 146,149.)
' Here, the Corporation, generally, had the right to retake upon the plaintiff’s default.
Generally, not more than 40 nor less than 20 days prior to the retaking, the seller, if he so desires, may serve upon the buyer a notice of intention to retake the goods on account of the buyer’s default. (Personal Property Law, § 77.) If the seller does not so notify the buyer, he shall retain the goods for 10 days after the retaking, during which time the buyer, upon payment or tender of the amount due under the contract at the time of retaking and interest, and upon payment of the reasonable expense of retaking, keeping and storage, may redeem the goods and continue in the performance of the contract, provided that to be entitled to such expenses, the seller shall notify the buyer of his default at least five days before the retaking. (Personal Property Law, § 78.)
Here, the Corporation gave no notice to the plaintiff, did not hold the Ford for the 10-day redemption period, yet no sale, private or public, was made by the Corporation. The plaintiff did not, at any time, make payment or tender of the amount due at the time of retaking.
Section 78 of the Personal Property Law provides for a method to avoid forfeiture of the amount paid by the buyer and to prevent unjust enrichment of the seller by permitting the buyer to redeem upon the affirmative act of payment or tender of payment within a limited time. (See Clark v. Tri-State Dis *561 count Co., 151 Misc. 679, 682 [App. Term, 2d Dept.].) The failure of the buyer to do either affirmative act within the 10-day redemption period gives him no further rights under section 78.
Section 79 of the Personal Property Law provides, in part, as follows: “ If the buyer does not redeem the goods within ten days after the seller has retaken possession, and the buyer has paid at least fifty per centum of the purchase price at the time of the retaking the seller shall sell them at public auction in the state where they were at the time of the retaking, such sale to be held not more than thirty days after the retaking. * * * The seller shall give to the buyer not less than ten days ’ written notice of the sale, either personally or by registered mail, directed to the buyer at his last known place of business or residence. The seller shall also give notice of the sale by at least three notices posted in different public places within the filing district where the goods are to be sold, at least five days before the sale. If at the time of the retaking five hundred dollars or more has been paid on the purchase price, the seller shall also give notice of the sale at least five days before the sale by publication in a newspaper published or having a general circulation within the filing district where the goods are to be sold.”
The primary purpose of this section 79 is to protect the buyer. (Freeman v. Engel, 185 App. Div. 218, 219; Fisher v. Stewart Motor Corp., 132 Misc. 225, 229.)
Section 80 of the Personal Property Law provides, in part, as follows: “ If the buyer has not paid at least fifty per centum of the purchase price at the time of the retaking, the seller shall not be under a duty to resell the goods as prescribed in section seventy-nine, unless the buyer serves upon the seller, within ten days after the retaking, a written notice demanding a resale, delivered personally or by registered mail.” (Emphasis supplied.)
Section 80-c of the Personal Property Law provides: “ Where there is no resale, the seller may retain the goods as his own property without obligation to account to the buyer except as provided in section eighty-e, and the buyer shall be discharged of all obligations.”
Section 80-e of the Personal Property Law provides: “ If the seller fails to comply with the provisions of sections seventy-eight, seventy-nine, eighty, eighty-a and eighty-c, after retaking the goods, the buyer may recover from the seller his actual damages, if any, and in no event less than one-fourth of the sum of all payments which have been made under the contract, with interest. ’ ’
*562 There seems to be little question, therefore, that the failure of the seller to comply with these sections has discharged the buyer of all obligations.
The remaining question involves the insurance payment of $1,177.37. Does it belong to the plaintiff or the Corporation? If it belongs to the Corporation, may it be applied to the purchase price in order to constitute total payment by the buyer of at least 50% at the time of the retaking %
Since no provision therefor has been made in article 4,“ Uniform Conditional Sales Law,” (Personal Property Law, §§ GO-81) the rules of law and equity shall continue to apply to conditional sales. (Personal Property Law, § 80-h.)
Essentially, a conditional sale is a credit device, whereby the buyer is the substantial owner, enjoying possession, use, control and equity of redemption, whereas the seller reserves title to the goods solely as security for payment by the buyer. (Schnitzer v. Fruehauf Trailer Co., 283 App. Div. 421, 431, affd. 307 N. Y. 876.) When the seller gets the whole amount due him, he has recovered all he is equitably entitled to receive under his contract. (Schnitzer v. Fruehauf Trailer Co., 283 App. Div. 421, 432, supra.) It does not matter if the payment be in cash alone, or cash and other things of value (Fisk Discount Corp. v. Brooklyn Taxicab Trans. Co., 270 App. Div. 491, 495), nor does it matter who makes the payments. (Manx Taxi Holding Co. v. Hoffman Credit Corp., 232 App. Div. 225, 226, affd. 257 N. Y. 586.)
Nevertheless, the $1,177.37 was not payment of the purchase price, it was insurance to secure and reimburse for loss to an insurable interest in the automobile. The plaintiff paid only $1,240.05 of the purchase price; the interest of the Corporation consisted of the remaining value. The total price of the car was $2,814.94 on April 10, 1956; the car was damaged on November 21, 1956, so that the buyer stopped further payment. All the insurance payment consisted of was a substitution pro tanto to the Corporation of the damaged car. Such insurance proceeds, added to the reasonable value of the damaged car but not exceeding the indebtedness belonged to the Corporation, not the plaintiff.
Clearly, this sum of $1,177.37 cannot be applied to the purchase price nunc pro tunc. The retaking took place on December 3, 1956, by which time less than one half of the purchase price had been paid. On December 11, 1956, the Corporation filed proof of loss with the Company, assigning its claim for damages .to the Ford to the Company. It was not until January 4, 1957, that the Corporation received the $1,177.37. Under no theory *563 in law or equity may such sum be deemed a part payment of the purchase price as of December 3, 1956, in order to qualify the plaintiff for greater rights under the Uniform Conditional Sales Law. Therefore, the buyer did not pay at least 50 per centum of the purchase at the time of the retaking. (See Ryan v. General Motors Acceptance Corp., 248 App. Div. 668; Associates Discount Corp. v. Reiley, 31 N. Y. S. 2d 476 [2d Dept.]; Mott v. Moldenhauer, 261 App. Div. 724, appeal dismissed 287 N. Y. 678; Manx Taxi Holding Co. v. Hoffman Credit Corp., 232 App. Div. 225, affd. 257 N. Y. 586, supra.)
Generally, the right of the insured to recover under a policy of insurance for a loss covered by the policy is determined as of the date of loss. (5 Appleman, Insurance Law & Practice, § 3335.) The insurance stands in lieu of the property lost as a result of the damage; it is absolutely different from the debt created by the unpaid portion of the purchase price. “ The fact that subsequent to loss the indebtedness disappeared did not destroy such insurable interest.” (Kolehouse v. Connecticut Fire Ins. Co., 267 Wis. 120,128; Musselman v. Service Fire Ins. Co., 267 Wis. 130.)
As between the plaintiff and the Corporation, the former might have a cause of action for such part of the insurance proceeds collected by the latter, that exceeds the amount collected from the Company when added to the reasonable value of the damaged Ford, over and above the Corporation’s insurable interest in the Ford as of the date of the collision. As between the plaintiff and the Company, the former might have a cause of action for any unexpired insurance remaining by way of unearned premiums. Only thusly would unjust enrichment be avoided. Nevertheless, such possible claims are not adequately alleged in the present complaint.
The defendant Guider moves for, ‘ ‘ an order dismissing the first cause of action appearing therein, on the ground that it appears on the face of the complaint that it does not state facts sufficient to constitute a cause of action against this defendant
The first cause of action in the complaint alleges, in effect: That on November 30,1956, the plaintiff was owner and entitled to the immediate possession of a 1956 Ford automobile of the value of $2,962 stored by the plaintiff at Corkwell’s Garage, South Dayton, New York; that on said date, Guider wrongfully took said Ford from the plaintiff’s possession by falsely representing to said garage that he had the plaintiff’s permission to take possession thereof and converted the same to his own use to the plaintiff’s damage in the sum of $2,5.62.00. (So in original.)
*564 In testing the sufficiency of the complaint, the language of each cause of action may be considered. (Rules Civ. Prac., rule 106; I & I Holding Corp. v. Gainsburg, 251 App. Div. 550, 552, affid. 276 N. Y. 427; Dorn v. Dorn, 282 App. Div. 597, 598.)
1 ‘ In order to recover in an action in conversion, a plaintiff must establish, first, that he has title, or, second, that he has the right to possession, or, third, that he has some property in the chattel in question.” (Kaufman v. Simons Motor Sales Co., 261 N. Y. 146, 149, supra.) The plaintiff’s right to recover for conversion cannot be based upon his equitable interest in the chattel (McCoy v. American Express Co., 253 N. Y. 477), nor on the alleged defects of the defendant’s title. (Johnson v. Blaney, 198 N. Y. 312.)
Where additional allegations make it appear that the plaintiff is neither the holder of title to, nor of any property in the goods, nor in possession, nor entitled to possession thereof, it follows that the plaintiff may not maintain an action for conversion. (Pompez Exhibition Co. v. Flatto, 261 App. Div. 613.)
Here, it is conceded that the plaintiff was in default under a conditional contract of sale and that Gruider, the original conditional seller, assigned all his title to the Ford to the Corporation, but nowhere does it appear when such default and assignment took place. It may be that the default occurred before November 30, 1956, and the assignment took place after that date, or that the plaintiff will not be able to prove them. Nevertheless, such matters may not be considered on this motion. (Scholen v. Guaranty Trust Co., 288 N. Y. 249, 254.)
Therefore, the motion to dismiss the second and third causes of action is granted; the motion to dismiss the first cause of action is denied; all without costs. The plaintiff may serve an amended complaint within 20 days after service of a copy of the order to be prepared herein with notice of entry.
Prepare and submit order accordingly.