John H. Galloway, Jr., J.
This is an action in conversion to recover the sum of $1,455.86 alleged to have been unlawfully converted by defendants from plaintiff’s assignor, one Earl Barrett. Plaintiff’s prior motion herein for summary judgment *1091 against these defendants was denied because we found a triable issue of fact with respect to plaintiff’s assignor’s ownership and right to possession of the money here in suit (cf. our decision dated June 1, 1962, filed June 11, 1962, N. Y. L. J., June 20, 1962, p. 18, col. 1). The case has now been tried before this court without a jury.
The following facts were established: On February 25, 1961, the Scott’s Corner Supermarket was burglarized, and the store safe, containing in excess of $2,900 in cash, several thousands of dollars in checks and other valuable papers were stolen. Earl Barrett and Bichard Shoemaker were apprehended on February 26, 1961 by Norwalk, Connecticut police, who took from Barrett $1,455.86 found in his apartment in that city, and $1,453.20 from Shoemaker in his home in Norwalk. A few days later the police of this connty returned to the owners of the supermarket $2,909.06 in cash, and also the safe, which had been forced open, the checks, and other personal and valuable papers taken during the burglary.
Barrett and Shoemaker were charged with the burglary and grand larceny. Shoemaker confessed to the burglary and larceny, and stated that Barrett was his accomplice with whom he had split the cash proceeds of the burglary prior to then-arrest in Norwalk. Barrett stood mute. The Grand Jury of this county indicted Shoemaker on April 28, 1961 but failed to return a true bill against Barrett. Meanwhile, Barrett, who was in county jail awaiting the Grand Jury’s action, on April 20, 1961 retained the plaintiff assignee herein as his attorney to represent him, and on April 21, 1961 assigned to plaintiff for his fees for past and prospective services the $1,455.86 which had been taken from him by the Norwalk police on his arrest on February 27.
Prior to presenting the charges against Barrett and Shoemaker to the Grand Jury, the District Attorney had requested and received from the owners of the burglarized supermarket the $2,909.06 in cash which had been taken from the defendants and returned to said owners. Thus at the time of Barrett’s assignment to plaintiff, the moneys involved were in the possession of the defendant Westchester County.
After Shoemaker’s indictment, he pleaded guilty to grand larceny, second degree and was sentenced to State prison. Thereupon, on August 3, 1961, the sum of $1,453.20 in cash (Shoemaker’s share of the proceeds) was returned to the owners of the supermarket, and the balance of $1,455.86, Barrett’s share, was retained by the county at the direction of the District Attorney who had previously refused to deliver same to plaintiff *1092 upon his demand made on April 22, 1961, and again made after the release of Barrett from custody. The District Attorney has, since that time, refused to release the $1,455.86 to the supermarket owners, at their request, during the pendency of this action for its return to plaintiff as Barrett’s assignee.
Shoemaker testified at the trial that he and Barrett had burglarized the supermarket at Scott’s Corner, removed the safe and later its contents and split the cash proceeds with Barrett, after which he, Shoemaker was arrested in his apartment in Norwalk and that his share of the cash was taken from him by the police.
Barrett did not testify as a witness at the trial.
In our opinion plaintiff has failed to establish a cause of action in conversion against the defendants. To recover in this action plaintiff is required to establish that his assignor Barrett had title to, or some property in, or had the right to possession of, the sum of money in question at the time it was taken from Barrett by the Norwalk police. While mere possession is one of the indicia of title, it is no more than that, in the face of the adverse claim of the owners of the burglarized supermarket (Snyder v. Guider, 17 Misc 2d 558; Kaufman v. Simons Motor Sales Co., 261 N. Y. 146, 149). Since an action for conversion is a possessory action, to maintain it plaintiff’s assignor must have had such an interest in the property as to entitle him to an immediate right of possession (Pierpoint v. Hoyt, 260 N. Y. 26), at least such an interest sufficient to establish that a wrong was perpetrated by defendants against bim in taking the property (Snyder v. Guider, supra). Thus plaintiff, whose rights against the defendants are no greater than Barrett’s his assignor, cannot prevail unless he establishes that Barrett had a legal right to possession of the money in question, though defendants show no right in themselves or in those from whom they have obtained said property (Hofferman v. Simmons, 290 N. Y. 449).
On this record plaintiff has failed to sustain his burden of proving by a fair preponderance of the credible evidence that Barrett had a legal right to the possession of the money in question (much less that he had title thereto or some right of property therein) at the time it was taken by the police. In our opinion, the failure of the Westchester County Grand Jury to indict Barrett for either the burglary or the larceny is not a determination of the question of Barrett’s ownership or right to possession of the money taken from him.
Defendants are entitled to judgment dismissing the complaint, without costs or disbursements.