**Irwin HALFOND, Plaintiff–Appellant,**

v.

**Bertha HALFOND, Sandra Lehrer, and Lonnie Lehrer, individually and as Fiduciary of the Estate of Bernard Halfond, Defendants–Appellees.**

No. 03–7482.

United States Court of Appeals, Second Circuit.

Dec. 4, 2003.

Leonard I. Spielberg, Harold, Salant, Strassfield & Spielberg, White Plains, NY, for Plaintiff–Appellant.

Stephen Hochhauser, Bertine, Hufnagel, Headley, Zeltner, Drummond & Dohn, LLP, Scarsdale, NY, for Defendants–Appellees.

Present: CALABRESI, B.D. PARKER, Jr., and RAGGI, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Plaintiff–Appellant Irwin Halfond ("Irwin") filed a diversity suit in federal district court against his mother, Bertha Halfond ("Bertha"); his sister, Sandra Lehrer ("Sandra"); and his brother-in-law, Lonnie Lehrer ("Lonnie"), claiming various state law violations in connection with the disposition of the estate of Irwin's and Sandra's father and Bertha's husband, Bernard Halfond ("Bernard"). Adopting the conclusions of a magistrate judge's Report and Recommendation, the district court dismissed most of Irwin's claims for lack of subject matter jurisdiction, and granted summary judgment to the defendants as to his other claims. On appeal, the plaintiff argues that the district court erred in granting summary judgment to defendants on his claim that defendants unlawfully converted proceeds from the sale of bonds that Bernard had allegedly given to Irwin. We affirm.

New York law prescribes that a gift is made when the following can be established by clear and convincing evidence: (1) an intent on the part of the donor to make a present gift; (2) delivery to the donee of the property, consistent with the donor's intent; and (3) acceptance on the part of the donee. See *Gruen v. Gruen*, 68 N.Y.2d 48, 53, 505 N.Y.S.2d 849, 496 N.E.2d 869 (1986). As the lower courts found, the plaintiff has failed to adduce evidence that would allow a reasonable factfinder to conclude that the donor's intent was to give the bonds to the plaintiff. If the plaintiff was not the rightful owner of the property at issue, he cannot prevail on his conversion claim. See *Kaufman v. Simons Motor Sales Co.*, 261 N.Y. 146, 149, 184 N.E. 739 (1933). Therefore, summary judgment on this claim was appropriate.

We have considered all of the appellant's other arguments and find them to be meritless. Accordingly, we AFFIRM.