POWERS v. BURDICK et al.

(Supreme Court, Appellate Division, Fourth Department. May 6, 1908.)

1. CHATTEL MORTGAGES—DISTINGUISHED FROM CONDITIONAL SALES.

Defendant furnished a buyer money with which to buy a team, wagon, and harness, and took from him an agreement stating that he had received the team, etc., from defendant, for which he agreed to pay a stipulated sum, with interest, in six months, and that the property should remain defendant's until paid for in full. During the six months part of the amount was paid, and when the note fell due the buyer transferred the property to his wife. Subsequently defendant took possession of the property and offered it for sale, under Lien Law, Laws 1897, p. 541, c. 418, § 116 et seq., relating to conditional sales. *Held,* that the agreement between the buyer and defendant was a conditional sale, and not a chattel mortgage.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Chattel Mortgages, §§ 23–41; vol. 43, Sales, §§ 6–19.]

2. SAME.

The parties having chosen to make the transaction a conditional sale and to subject themselves to the statutory restrictions relating to such contracts, it cannot be contended that it constituted a giving of a chattel mortgage.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Chattel Mortgages, §§ 23–41.]

3. SALES—CONDITIONAL SALES—REMEDIES OF SELLER.

Under Lien Law, Laws 1897, p. 541, c. 418, § 116 et seq., providing that when articles are sold under condition that the title shall remain in the vendor until payment of the purchase price, and they are retaken by the vendor, they shall be retained for 30 days before sale, and during that period the buyer may comply with the terms of the contract and receive the property, the buyer's wife, upon payment before sale of the balance unpaid and reasonable expenses, was entitled to possession of the property; defendant only being entitled to be made whole.

4. SAME.

The provision that the title should remain in the seller, thus preventing the disposal of the property without his consent, was merely for his protection, so that the rights of innocent third persons should not intervene, and did not render the sale and transfer to the buyer's wife of her husband's interest invalid.

Appeal from Jefferson County Court.

Action by Mary Powers against Nelson Burdick and others. From a judgment for plaintiff, and an order denying a new trial, defendants appeal. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Brown, Carlisle & McCartin and Floyd L. Carlisle, for appellants.
Cobb & Cosgrove, for respondent.

WILLIAMS, J. The judgment and order should be affirmed, with costs.

The action was brought to recover for the conversion of a team of horses. Plaintiff's husband in the fall of 1904 bought the team of one Allison. The purchase price was $300, of which $30 was paid down, and for the balance of $270 a note was given, payable May 8, 1905, containing a provision that the team should remain the property of Allison until the note was fully paid. When the note became due, $205 was furnished by the defendant Nelson Burdick to pay the balance remaining unpaid thereon, and he took from plaintiff's husband an agreement stating that he had received from Burdick a team and a wagon and harness, for which he agreed to pay $205, with interest, in six months, and that the property should remain Burdick's until paid for in full. During the six months there was paid to Burdick in one way and another $179.59. October 9, 1905, the day the note became due, the property was sold and transferred to the plaintiff by her husband. November 18, 1905, Burdick took possession of the property and advertised it for sale, December 5, 1905, under the provisions of Lien Law, Laws 1897, p. 541, c. 418, § 116 et seq. On December 4, 1905, the plaintiff tendered to Burdick $47.38, which (as found by the jury) was sufficient to cover the balance unpaid on the agreement and Burdick's reasonable expenses, and demanded possession of the property, which was refused. Thereupon this action was brought.

The defendant's contention on this appeal seems to rest mainly upon the proposition that the agreement given by plaintiff's husband to Burdick was a chattel mortgage, and not a contract for the conditional sale of the property. Burdick seems at the time to have treated the agreement as a conditional sale. After taking possession of the property he retained it for 30 days, and after the expiration of that time he advertised it for sale, under section 116 et seq., of the article of the lien law relating to conditional sales. Burdick in his answer alleged specifically that his proceedings in taking, retaining, and selling the property were under these provisions of the lien law. The real trouble seems to have arisen over the figures as to how much had been paid on the agreement, what remained unpaid, and what Burdick's reasonable expenses were in caring for the property. There can be no doubt but that this agreement was for a conditional sale under the provisions of the article of the lien law in question, and not a chattel mortgage.

It was competent for plaintiff's husband and Burdick to agree at the time the paper was given that title to the property was then in Burdick, and should remain in him until the $205 was fully paid, and the transaction amounted to such an agreement. Burdick cannot now be heard to allege that he had not such title when the conditional sale was made. The parties could have made the transaction the giving of a chattel mortgage, but they chose to make it a conditional sale, and to subject themselves to the statutory restrictions and regulations

relating to such contracts, and they must abide by the same. Under the provisions of the lien law the vendee might before a sale pay up the balance unpaid and reasonable expenses and would then be entitled to the possession of the property. The vendor is only entitled to be made whole.

The provision in the agreement that the property should not be disposed of without the consent of Burdick was for his protection, so that the rights of innocent third parties should not intervene. It did not render the sale and transfer to plaintiff of her husband's interest in the property invalid. She took the property subject to the rights of Burdick. No other protection to Burdick was needed. He cannot claim the plaintiff acquired no title or interest in the property, but can only insist her interest is subject to his.

Judgment and order affirmed, with costs. All concur.