In the Matter of the Application of ABRAHAM FALICK, Petitioner, Appellant, for an Order Vacating a Certificate of Satisfaction Issued under Section 72-a of the Personal Property Law, on the Ground That the Same Deposited in Attempted Satisfaction Was Insufficient.

ALMA HOLDING CORPORATION, Respondent.

First Department, June 16, 1939.

*Sol A. Hyman* of counsel [*Hyman & Hyman*, attorneys], for the appellant.

*Alfred S. Horowitz*, for the respondent.

GLENNON, J.   The petitioner entered into a conditional sales agreement with Tompkins Woodworking Company, Inc., whereby he sold and the latter purchased certain machinery and other equipment in premises at Ozone Park, Long Island, N. Y.   The conditional sales agreement was delivered by the Tompkins Woodworking Company, Inc., to the petitioner, and filed in Queens county. Tompkins made a down payment, and the balance was to be paid in installments for which promissory notes were given.   The agreement provided that in the event of a default, the buyer was to pay expenses and reasonable attorney's fees for the collection of the notes. In February, 1938, there was a default in the payment of the note then due.   Subsequently, the company failed to meet payments on the balance of the notes.   The petitioner retained a firm of attorneys for the purpose of protecting his interests.

The respondent, Alma Holding Corporation, advanced money to the Tompkins Woodworking Company, Inc., and as security therefor received a chattel mortgage from the latter covering in part the machinery and equipment sold by the petitioner.   There is no dispute that the chattel mortgage was a junior lien.   The Tompkins Woodworking Company, Inc., finally was dispossessed from its place of business.

The petitioner, on June 29, 1938, instituted an action to foreclose his lien.   On the same day he obtained a consent in writing of

Tompkins Woodworking Company, Inc., by which that company turned over to the petitioner the chattels in question and admitted that there was due to him under the conditional sales agreement the total sum of $3,433.07. The petitioner then discovered that the respondent had sold the machinery and equipment subject to his lien pursuant to the terms of its chattel mortgage. The petitioner then proceeded to institute an action in replevin. He prepared the necessary papers and procured a bond for which he paid a premium of seventy dollars, and delivered the papers to the sheriff of Queens county for service. Apparently the papers were not served by the sheriff prior to July first. On the morning of that day the respondent deposited the sum of $2,879.34 with the custodian of court funds and obtained a certificate of satisfaction, which discharged of record the petitioner's conditional sales agreement.

The petitioner made a motion at Special Term for an order vacating and canceling the certificate of satisfaction of the conditional sales agreement which the respondent had received, upon the ground that the sum deposited was insufficient to cover the amount actually due under the conditional sales agreement. He claimed that pursuant to its terms he was entitled to the sum of $450 to cover all costs, charges, expenses and disbursements including a reasonable attorney's fee, and a balance of $100. After hearing the parties the court directed the respondent to deposit the further sum of $100 with the custodian of court funds, but denied the application in so far as it related to counsel fees and other expenses.

We are of the opinion that the court should have directed the respondent to deposit the entire sum requested by the petitioner.

It might be well to point out here that it is well nigh impossible, in view of the conflicting affidavits, to determine wherein the truth lies with reference to the dispute as to dates and the tactics pursued by the parties to this controversy.

The money was deposited by respondent, as we have seen, on July first, at the time it received its certificate of satisfaction. On the same day the papers in the replevin action were delivered to the sheriff. In all probability the summons and complaint in that action were not served prior to the time respondent made the deposit. It is not disputed, however, that Tompkins Woodworking Company, Inc., was actually served in the foreclosure action on June twenty-ninth. Therefore, the action based upon the conditional sales contract was commenced within the meaning of section 72-a of the Personal Property Law on that date.

Section 72-a of the Personal Property Law, in so far as it is material to this controversy, reads: " A contract specified in this article may

be discharged at any time before an action is commenced to enforce the same by depositing with the custodian of court funds a sum of money equal to the amount claimed in such contract or copy thereof, with interest to the time of such deposit, and by serving notice upon the seller, either personally or by leaving it at his last known place of residence, with a person of suitable age and discretion, with directions to deliver it to the seller. After such action is commenced the contract may be discharged by a payment to the custodian of court funds of such sum of money as, in the judgment of the court or a judge or justice thereof, after at least five days' notice to all parties to the action, will be sufficient to pay any judgment which may be recovered in such action."

Since the action to enforce the conditional sales agreement had been commenced, the contract could be discharged only " by payment to the custodian of court funds of such sum of money as, in the judgment of the court or a judge or justice thereof, after at least five days' notice to all the parties to the action, will be sufficient to pay any judgment which may be recovered in such action." There is no claim that the respondent gave five days' notice to any of the parties before making its deposit and it does not appear that it made an application to a court or a judge or justice thereof to fix the amount which might be recovered.

Even though one were to concede that no action was instituted, still respondent did not deposit a sufficient sum to obtain the certificate of satisfaction. The contract, as we have noted, provided that in the event of the failure of Tompkins Woodworking Company, Inc., to make payments when due, the petitioner might be entitled properly not only to the balance due on the notes with interest but also to a reasonable attorney's fee and other expenses. The respondent knew that on June twenty-ninth the Tompkins Woodworking Company, Inc., had admitted in writing that there was $3,433.07 in all due under the agreement. This included a counsel fee of $450. Nevertheless, on July first, it deposited the sum of $2,879.34 with the custodian of court funds. This was not " the amount claimed in such contract," as provided in the statute.

We do not wish to have it understood that we are of the opinion that the petitioner is entitled to receive the sum of $450 to cover his expenses. We have pointed out that it is impossible to determine from the affidavits wherein the truth lies. If, as contended by the respondent, the court upon the trial should determine that the petitioner and his attorneys did not act in good faith in pursuing the legal remedies to which he resorted, it may be that the amount allowed will be considerably less than the sum which respondent is directed to deposit. However, that question is a matter for the trial court to determine.

For the reasons assigned the order appealed from should be reversed and the motion granted unless the respondent shall deposit within ten days an additional sum of $450.

MARTIN, P. J., O'MALLEY, TOWNLEY and DORE, JJ., concur.

Order unanimously reversed and the motion granted unless the respondent deposit within ten days an additional sum of $450. Settle order on notice.