Memorandum. Order of the Appellate Division is affirmed.
The first issue raised by defendant relates to his being asked at trial whether he participated in an armed robbery in which a victim was killed. He denied it. While defendant’s appellate counsel argues that defendant was never charged or convicted for a robbery homicide, there is no support in the record for this assertion. The factual' basis for the questioning was never properly challenged by defense counsel (cf. People v Council, 37 NY2d —; People v Kuss, 32 NY2d 436, 443-444; People v Kass, 25 NY2d 123, 126; People v Alamo, 23 NY2d 630, 634-635). Indeed, the record in its present state establishes neither the lack of a factual basis for the questioning nor the veracity of defendant’s denial. Of course, the denial was binding so as to preclude its contradiction by the People through the production of extrinsic evidence or the calling of other witnesses (see, e.g., People v Duncan, 13 NY2d 37, 47). In any event, the Trial Justice properly charged the jury that defendant’s past, which included his admitted conviction for bank robbery, was not a direct issue in the case, but was limited to evaluating defendant’s credibility as a witness. There was, therefore, no error, let alone prejudicial error.
The second issue raised by defendant on appeal concerns the warrantless search of an automobile registered to the ownership of his codefendant on trial and alleged accomplice. At the time of the search the car was in the actual possession of a repairman, and in the constructive legal possession of a finance company. Hence, assuming, without deciding, that the codefendant’s motion to suppress inured to defendant’s benefit, neither the codefendant nor defendant had standing to assert illegality of the search, and, moreover, the search was not illegal (cf. United States v Dye, 508 F2d 1226, 1232-1234; see, generally, Commentary to article 290, ALI Model Code of Pre-Arraignment Procedure, at pp 560-562 [Proposed Official Draft 1975]). Codefendant’s right to redeem the car was not a possessory but an ownership interest, and a contingent one at that not sufficient to continue the codefendant’s right to privacy with respect to the automobile he once owned and possessed as a conditional purchaser (cf. Schnitzer v Fruehauf Trailer Co., 283 App Div 421, 427, affd 307 NY 876). To be *937 sure, the Supreme Court hardly intended to incorporate all the niceties of the law of property into , the law of standing (see Jones v United States, 362 US 257, 265-267).