■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLINTON KWASK, True Name CLINTON KWAAK, Appellant.— Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vinik, J.), rendered June 4, 1985, convicting him of manslaughter in the first degree and attempted

manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, he was not deprived of a fair trial by the prosecutor's single improper question propounded during cross-examination. The evidence of guilt was clearly overwhelming, as three witnesses placed the defendant at the scene of the shooting with a shotgun in hand. Moreover, the defendant's videotaped confession unequivocally established that he intentionally shot and killed one of the men whom, he believed, had previously killed his father. Thus, while the prosecutor's question was improper, this lone inquiry, which was subject to a curative instruction, constituted harmless error (see, People v Crimmins, 36 NY2d 230).

We find that the confession justified the court's refusal to submit to the jury the lesser included charge of manslaughter in the second degree (Penal Law § 125.15 [1]). Given the defendant's uncontroverted statement that he intended to kill his father's alleged murderers, no reasonable view of the evidence existed which would support a finding that the defendant recklessly accomplished this avowed goal (see, Penal Law § 125.15; People v Medina, 136 AD2d 572, lv denied 71 NY2d 971; People v Bell, 111 AD2d 926). Thompson, J. P., Rubin, Spatt and Balletta, JJ., concur.