■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC BURWELL, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK BURWELL, Appellant.—Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered March 29, 1988, convicting defendant Eric Burwell, after jury trial, of robbery in the second degree and sentencing him to an indeterminate term of imprisonment of from 6 to 12 years, unanimously affirmed.

Judgment of the same court, rendered April 25, 1988, convicting defendant Derrick Burwell of robbery in the second

degree and sentencing him to an indeterminate term of imprisonment of from 6 to 12 years, unanimously affirmed.

The defendants Burwell, along with codefendant Cagle, were jointly indicted and tried for robbery in the second degree, of which they were all convicted. The People's evidence showed that the complainant, while walking to his car from his place of business, was accosted by an unidentified woman in front of the Holland Hotel, and during a struggle, was thrown to the ground; codefendant Cagle removed a pen and parking lot ticket from the complainant's front shirt pocket. While the complainant was unaware of the participation of any other person in the robbery, undercover anticrime officers in fact observed the entire event from two unmarked vehicles, and saw defendant Eric Burwell swing at the complainant from behind, and defendant Derrick Burwell, his brother, rifle through the complainant's pockets while he lay on the ground. The hotel security guard also observed these events and identified Eric Burwell as a participant. Further, the security guard recalled that three men and one woman were participants in the robbery.

We find no error in the court's discharge of a sworn juror who called the Trial Justice a "floozy", and termed the trial a "loss" and a "farce". These remarks were overheard by other jurors, who so stated on the record. We are satisfied that the juror's remarks evinced "a state of mind which would prevent the rendering of an impartial verdict" and rendered her " 'grossly unqualified' " within the meaning of CPL 270.35. (People v West, 92 AD2d 620, 622 [Mahoney, P. J., dissenting], revd on dissenting opn below 62 NY2d 708.) To the extent that Derrick Burwell now asserts that he was denied the right to question this juror through counsel, the record reflects acquiescence in the procedure employed by the trial court, and the absence of prejudice. We therefore decline to review this unpreserved claim.

The trial court erred in permitting a newspaper television listing to be entered into evidence, for the purpose of impeaching the credibility of the defendants' alibi witnesses, who claimed to have been watching an episode of "The Honeymooners" with the defendants at the time of the robbery. While we believe the issue was not collateral and could properly be raised by the People on rebuttal (see, People v Beavers, 127 AD2d 138), the television listing was inadmissible as incompetent hearsay evidence. While we have noted that the proposed Code of Evidence would permit "reliable" hearsay evidence which does not fit into any of the well-defined

hearsay exceptions *(People v Brunson,* 151 AD2d 303), the Court of Appeals has held that in criminal cases adherence to the specific categories of exceptions is required. *(People v Nieves,* 67 NY2d 125; *People v Brensic,* 70 NY2d 9.) The error does not warrant reversal, however, in view of the overwhelming evidence of both defendants' guilt. Similarly, cross-examination of the alibi witnesses as to prior arrests, and the court's charge that prior arrests could be considered in determining the credibility of the witnesses, was error. *(People v Gottlieb,* 130 AD2d 202, 207.) However, only defendant Derrick Burwell preserved the issue for appellate review, and only as to the court's charge. In any event, we deem the error harmless in view of the overwhelming evidence of guilt.

We perceive no abuse of discretion by the trial court in permitting extensive cross-examination of the defendants' witnesses as to prior bad acts. The scope of the examination was a matter properly resolved by the trial court, whose determination that any prejudice resulting from such an examination did not outweigh the probative value of the inquiry should not be disturbed. *(Supra,* at 206.) We believe, further, that the People's representations that a good-faith basis for the questioning existed, and that the name of the confidential informant would be revealed to the court if necessary, satisfied the People's obligation to show that the line of questioning was undertaken in good faith and upon a reasonable basis in fact. *(People v Simpson,* 109 AD2d 461, *appeal dismissed* 67 NY2d 1026.) Only defendant Derrick Burwell objected to the questioning on this ground, and his claim below that an in camera inquiry would be insufficient to establish a basis in fact for the questioning is without merit.

We are satisfied that the court's charge as a whole was appropriate with respect to those matters now claimed to be error. Defendant Derrick Burwell's claim that the prosecutor's summation was prejudicial is without merit. Those remarks to which objection was made were either withdrawn, obviating any prejudice, or were misstatements as to factual matters not in dispute, which could not have misled the jury, especially in view of the court's instruction that it was the jury's recollection of the facts which would govern. The remaining remarks were not objected to and, in any event, we would not reverse as to them, since they were responsive to arguments made in summation by the attorney for Eric Burwell.

We have reviewed the remaining contentions of the defendants and find them to be without merit. Concur—Sullivan, J. P., Carro, Rosenberger and Smith, JJ.