■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE SEALY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered September 29, 1988, convicting him of murder in the second degree, assault in the first degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged with having fired a semiautomatic weapon at one Nigel Edwards on East 91st Street in Brooklyn on the evening of June 20, 1987. Five bullets struck and killed Edwards, one bullet grazed the neck of a woman driving by that location, and another glanced off the arm of a woman sitting nearby. At trial, the defendant denied shooting anyone. On cross-examination, the prosecutor asked the defendant if he had confessed to someone named Mallick that he shot someone on 91st Street. The defendant objected. At a sidebar conference, the prosecutor explained that he had a good-faith basis for this question, namely a police report indicating that a named individual had stated that Mallick told him that the defendant confessed to Mallick that he had shot someone on 91st Street. The defendant's objection was overruled, and the defendant answered the question by denying having made any such statement, or even knowing anyone named Mallick.

The record supports the trial court's determination that the prosecutor "adequately demonstrated his good faith and possessed a sufficient basis for asking the challenged question" *(People v Kass,* 25 NY2d 123, 126). Contrary to the defendant's contention, there is no requirement that the prosecutor's good-faith basis stem from evidence in admissible form. Moreover, the trial court instructed the jury several times that questions alone are not evidence. Finally, any error is harmless in light of the overwhelming evidence of the defendant's guilt *(see, People v Kwask,* 145 AD2d 652; *People v Crimmins,* 36 NY2d 230).

Since the court acted within the statutory limits and no extraordinary circumstances have been established which would warrant a reduction of the otherwise proper consecutive sentences, we see no compelling reason to disturb them *(see, People v Suitte,* 90 AD2d 80). Brown, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.