■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROYCE BEVEL, Appellant. [724 NYS2d 583] —Judgment, Supreme Court, New York County (Renee White, J., at hearing; Marcy Kahn, J., at jury trial and sentence), rendered May 19, 1999, convicting defendant of robbery in the first degree (two counts), robbery in the second degree, and criminal possession of a weapon in the second and third degrees, and sentencing him to two terms of 5 to 10 years, two terms of 4 to 8 years, and a term of 3 to 6 years, all to be served concurrently, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility and identification.

The court properly denied defendant's application made pursuant to *Batson v Kentucky* (476 US 79). The record supports the court's finding that the race-neutral reasons offered by the prosecutor were not pretextual, and that finding is entitled to great deference (*People v Wint*, 237 AD2d 195, 199, *lv denied* 89 NY2d 1103).

The record, including the lineup photograph, supports the hearing court's finding that the lineup identification procedure was fair and not unduly suggestive. The differences in age and weight between the five fillers and defendant were not such as to create a substantial likelihood that defendant would have been singled out for identification (*see, People v Chipp*, 75 NY2d 327, 336, *cert denied* 498 US 833). Moreover, it is not insignificant that defendant was known to the witnesses as a former employee of the establishment where the robbery took place.

The court properly exercised its discretion in prohibiting defendant from cross-examining one of the People's witnesses about matters as to which defendant lacked a good faith basis (*see, People v Alamo*, 23 NY2d 630, *cert denied* 396 US 879; *People v Sorge*, 301 NY 198). Concur—Sullivan, P. J., Mazzarelli, Ellerin, Lerner and Buckley, JJ.