Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered June 5, 2001, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see CPL 470.05 [2]; People v Gray, 86 NY2d 10 [1995]; People v Udzinski, 146 AD2d 245 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15 [5]).
The prosecutor had a good faith basis to cross-examine the defendant about his purported drug-selling activities (see People v Alamo, 23 NY2d 630, 634 [1969], cert denied 396 US 879 [1969]; People v Sealy, 167 AD2d 362, 363 [1990]).
The defendant’s contention that the Supreme Court improperly considered a charge of which he was acquitted as a basis for imposing sentence is unpreserved for appellate review (see CPL 470.05 [2]; People v Hurley, 75 NY2d 887 [1990]; People v Emmanus, 300 AD2d 504 [2002]), and in any event, is without merit (see People v Emmanus, supra; cf. People v Reeder, 298 AD2d 468 [2002]).
*617 The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
The defendant’s remaining contention is without merit. Altman, J.E, Florio, Friedmann and Mastro, JJ., concur.