■ Stephen D. Donahue, Appellant, v The Quikrete Companies et al., Respondents. (Appeal No. 1.) [796 NYS2d 283]—Appeal from an order of the Supreme Court, Erie County (Eugene M. Fahey, J.), entered May 3, 2004 in a personal injury action. The order denied plaintiff's motion to set aside the jury verdict and grant judgment as a matter of law or, in the alternative, grant a new trial.

Appeal from a judgment of the Supreme Court, Erie County (Eugene M. Fahey, J.), entered June 8, 2004. The judgment was entered in favor of defendants following a jury trial.

It is hereby ordered that the judgment so appealed from be and the same hereby is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries sustained in a motor vehicle accident in 1999. He was stopped at a traffic light when his vehicle was rear-ended by a tractor trailer driven by defendant Joseph T. Syracuse in the course of his employment for defendant The Quikrete Companies. Supreme Court granted a mistrial in September 2002 and, at the second trial, restricted the evidence to the facts as they existed as of September 9, 2002. The jury returned a verdict in favor of defendants, finding that plaintiff did not sustain a serious injury as a result of the accident.

Plaintiff contends that the court erred in restricting his medical evidence to the videotaped testimony of his treating physician that was taken for use at the first trial. We disagree. The court properly restricted the evidence based on its concern that, because of a subsequent accident, the jury would be confused by different medical testimony. The court also balanced its ruling by refusing to allow the defense to introduce a surveillance videotape apparently showing plaintiff engaged in work-related activities.

Contrary to the contention of plaintiff and the conclusion of the dissent, the court did not err in allowing defendants' attorney to ask plaintiff on cross-examination whether he had offered a bribe to a police officer. The fact that the alleged act occurred "about 17 years" prior to the trial does not render the cross-examination improper. "Commission of perjury or other crimes or acts of individual dishonesty, or untrustworthiness (e.g., offenses involving theft or fraud, *bribery*, or acts of deceit, cheating, breach of trust) will usually have a very material relevance, whenever committed" (*People v Sandoval*, 34 NY2d 371, 377 [1974] [emphasis added]; *see People v Nichols*, 302 AD2d 953 [2003], *lv denied* 99 NY2d 657 [2003]; *People v Colf*, 286 AD2d 888, 889 [2001], *lv denied* 97 NY2d 655 [2001]). Moreover, plaintiff was not questioned, as suggested by the dissent, concerning "a mere charge or accusation," but was properly

asked whether he had committed the alleged underlying act of attempted bribery (*see Matter of Robert T.*, 220 AD2d 434 [1995], *lv denied* 87 NY2d 808 [1996]; *Gedrin v Long Is. Jewish-Hillside Med. Ctr.*, 119 AD2d 799 [1986]; *Dance v Town of Southampton*, 95 AD2d 442, 453 [1983]; *cf. People v Cook*, 37 NY2d 591, 595-596 [1975]). The court thus properly exercised its discretion in permitting the cross-examination.

We also disagree with the conclusion of the dissent that the cross-examination was not undertaken in good faith and upon a reasonable basis in fact (*see generally People v Duffy*, 36 NY2d 258, 262 [1975], *mot to amend remittitur granted* 36 NY2d 857 [1975], *cert denied* 423 US 861 [1975]; *People v Alamo*, 23 NY2d 630, 634-635 [1969], *cert denied* 396 US 879 [1969]; *Matter of Jessica Y.*, 206 AD2d 598, 599 [1994]; *People v Burwell*, 159 AD2d 407, 409 [1990], *lv denied* 76 NY2d 785 [1990]). The record establishes that, in response to the court's questions concerning the factual basis for the cross-examination, counsel for defendants responded that it was in "material" related to a prior conviction of plaintiff that counsel had subpoenaed from Buffalo City Court. Counsel further represented that, specifically, the factual basis was found in allegations of "police officers" contained in "the information." Those representations were not challenged by counsel for plaintiff, who argued only that the court should preclude the cross-examination in the exercise of discretion. It is thus clear that there was an ample demonstration of both good faith and a reasonable basis in fact (*see Alamo*, 23 NY2d at 634-635; *Burwell*, 159 AD2d at 409).

All concur except Green, J.P., who dissents and votes to reverse in accordance with the following memorandum.

Green, J.P. (dissenting). I respectfully dissent. In this vigorously contested case, it was error for Supreme Court to allow defendants' attorney to cross-examine plaintiff about a 17-year-old allegation that plaintiff attempted to bribe a police officer at the time he had been arrested for a misdemeanor charge. The record fails to demonstrate a good-faith basis for that cross-examination or a reasonable factual basis for the allegation (*see People v Crawford*, 256 AD2d 141, 143 [1998]; *Dance v Town of Southampton*, 95 AD2d 442, 453 [1983]). In his offer of proof, defendants' attorney made vague references to the hearsay statements of unidentified police officers in "the subpoenaed material," including "the information," but the documents to which he referred were not presented to the court or included in the record on appeal. That offer of proof, based entirely on the unsubstantiated assertions of defendants' attorney, demonstrates neither good faith nor a reasonable basis in fact for his

inquiry (*see People v Huntley*, 87 AD2d 488, 494-495 [1982], *affd* 59 NY2d 868 [1983]; *People v Dellarocco*, 115 AD2d 904, 905 [1985], *lv denied* 67 NY2d 941 [1986]). Even accepting as true the assertions of defendants' attorney regarding the contents of the undisclosed documents, I conclude that a mere charge or accusation has no probative value and is not a proper subject of cross-examination (*see People v Cook*, 37 NY2d 591, 596 [1975]; *People v Gottlieb*, 130 AD2d 202, 207 [1987], *mod* 132 AD2d 498 [1987]; *People v Sigl*, 124 AD2d 1053 [1986]). In addition, even if the alleged incident involved more than a mere accusation, it was so remote in time that its probative value was overshadowed by the prejudicial effect on plaintiff (*see People v Pippin*, 67 AD2d 413, 418 [1979]; *see generally Gottlieb*, 130 AD2d at 206).

The error in allowing defendants' attorney to ask plaintiff whether he attempted to bribe a police officer based upon an unproven accusation was sufficiently prejudicial to warrant a new trial. "The court may not close its eyes to results which are intended to flow and do flow from the question itself" (*People v Malkin*, 250 NY 185, 197 [1928]). That error was compounded when the court, immediately following plaintiff's denial of the accusation, asked plaintiff to specify the date of the conviction. The court's question effectively discredited plaintiff's denial and suggested to the jury that the attempted bribery accusation resulted in plaintiff's conviction. Plaintiff's credibility was a crucial factor in this case, where the jury was presented with a battle of medical experts on the sharply contested issue whether plaintiff sustained a serious injury. If the jury was persuaded that plaintiff would attempt to bribe a police officer to get out of trouble, it may also have concluded that he would lie about the extent of his injuries to obtain a judgment against defendants. "The method by which [plaintiff] was impeached was an error grave enough in scope to have potentially affected the verdict" (*Dance*, 95 AD2d at 453). Plaintiff is entitled to a fair trial, unfettered by unfounded allegations of attempted bribery. I would therefore reverse the judgment, grant plaintiff's motion to set aside the verdict and grant a new trial. Present—Green, J.P., Hurlbutt, Martoche, Lawton and Hayes, JJ.