■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTIAN MELENDEZ, Appellant. [903 NYS2d 384]—

Judgment, Supreme Court, New York County (Robert M. Stolz, J.), rendered May 21, 2008, convicting defendant, after a jury trial, of burglary in the first degree (two counts), robbery in the first and second degrees and burglary in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 18 years, unanimously affirmed.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97

NY2d 203 [2002]). The court properly permitted the People to cross-examine defendant about uncharged robberies, since they showed defendant's willingness to place his interests above those of society, and their probative value on the issue of defendant's credibility, had he testified, outweighed their prejudicial effect (*see e.g. People v White*, 297 AD2d 258 [2002], *lv denied* 98 NY2d 772 [2002]). The People demonstrated a good faith basis for this line of inquiry by revealing that the source of the information was a fellow inmate to whom defendant admitted these robberies (*see People v Alamo*, 23 NY2d 630, 634 [1969], *cert denied* 396 US 879 [1969]; *People v Sealy*, 167 AD2d 362 [1990], *lv denied* 77 NY2d 843 [1991]). Moreover, the People not only revealed the informant's identity, but called him as a witness on their direct case on the subject of defendant's admission that he committed the present crime. Any error in permitting the People to cross-examine defendant about his gang membership was harmless (*see People v Grant*, 7 NY3d 421 [2006]).

We perceive no basis for reducing the sentence. Concur—Gonzalez, P.J., Andrias, Catterson, Renwick and Manzanet-Daniels, JJ.